UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| James S. Orr,<br><br>                          Plaintiff,<br><br>    -v-<br><br>PHH Mortgage, PHH Mortgage Corporation, PHH Mortgage Services, Homeward Residential Inc., and Real Time Resolutions, Inc.,<br><br>                          Defendants. | 2:25-cv-424<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

      Plaintiff James S. Orr ("Plaintiff") brought this action for unjust enrichment, fraud, and conversion against Defendants PHH Mortgage, PHH Mortgage Corporation, PHH Morgage Services, Homeward Residential Inc., and Real Time Resolutions, Inc. ("Defendants") in the Supreme Court of Nassau County, New York. (Compl., ECF No. 1-4.) Defendants removed this case to federal court on January 24, 2025, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Not. Removal, ECF No. 1.) On March 5, 2025, the Court issued an Order requiring Defendants to show cause why this action should not be remanded for lack of subject matter jurisdiction ("Order to Show Cause"). (Order to Show Cause, ECF No. 10.) For the reasons set forth below, Defendants' responses to the Order to Show Cause fails to establish that this Court has diversity jurisdiction. (*See* ECF No. 12–13.) Accordingly, the Complaint is remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

## LEGAL STANDARDS

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019) (quotation marks and citations omitted). As the Second Circuit has recognized, "[p]erhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Id.* (citation and quotation marks omitted). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id.* at 617–18 (quotation marks omitted).

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceed $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). "[W]hen diversity of citizenship is the basis of removal, diversity must exist not only at the time the action was filed in the state court, but also at the time the case is removed to federal court." *Chapman v. Crane Co.*, 694 F. App'x 825, 828 (2d Cir. 2017) (citing 14B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3723 (4th ed. 2013)); *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("*CenterMark Props.*"). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). In any

case removed to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## DISCUSSION

Defendants have failed to establish that this Court has diversity jurisdiction over this action because it has not established Plaintiff's domicile and thus cannot demonstrate complete diversity of citizenship between the parties.[1]

### I. Citizenship of the Defendants

"For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

Defendants have established that the five Defendants in this action are citizens of New Jersey, Delaware, and Texas through the Notice of Removal and evidence Defendants submitted in response to the Order to Show Cause: a declaration of Gina Feezer, a Senior Loan Analyst at Onity Group Inc., the parent company of PHH Mortgage Corporation (ECF No. 12-1); a copy of the merger agreement between PHH Mortgage Corporation and Ocwen Loan Servicing, LLC (ECF No. 12-2); a press release dated October 3, 2012 detailing Onity Group, Inc.'s acquisition of Homeward Residential, Inc. (ECF No. 12-3); copies of letters sent to Plaintiff in 2013 and 2019 notifying him of the service transfer of his loan account from Homeward Residential, Inc. to Ocwen Loan Servicing, LLC and then to PHH Corporation (ECF No. 12-4); and the affidavit of Samuel Trakhtenbroit, senior corporate counsel for Real Time Resolutions, Inc., in response to the Order to Show Cause. (Trakhtenbroit Aff., ECF No. 13-1.)

---

[1] Defendants have established that the amount in controversy exceeds $75,000 because the Complaint alleges damages in the amount of $127,270.65. (Compl. ¶ 73, ECF No. 1–4.)

First, Defendants have established that PHH Mortgage Corporation is a citizen of New Jersey because it is incorporated in New Jersey with its principal place of business in New Jersey. (Feezer Decl. ¶¶ 1, 9.) Second, Defendants have established, for the purposes of assessing diversity at this stage of the litigation, that PHH Mortgage and PHH Mortgage Services are the same entity as PHH Mortgage Corporation. (Feezer Decl. ¶ 1; *see also* ECF No. 12-2.)

Third, Defendants have established that Homeward Residential Inc. is a citizen of both Delaware and New Jersey because it is incorporated in Delaware and has its principal place of business in New Jersey. (*Id.* ¶¶ 6, 11.)

Fourth, Defendants have established that Real Time Resolutions, Inc. is a citizen of Texas because it is "a Texas corporation with its principal place of business in Dallas, Texas." (Trakhtenbroit Aff. ¶ 6; *see also* ECF No. 12 at 3 n.1 (citing to the Better Business Bureau website's profile for Real Time Resolutions, Inc.).)[2]

## II.   Citizenship of the Plaintiff

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019).

It is well-established that allegations of "residence alone is insufficient to establish domicile for jurisdictional purposes." *Id.*; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that

---

[2] Defendants contend in their response to the Order to Show Cause that certain Defendants were improperly named. (ECF No. 12 at 2–3.) Because the Court has found that it lacks subject matter jurisdiction over this action, the Court does not address these arguments.

alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). In order to determine an individual's domicile, courts consider factors including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

In the Notice of Removal, Defendants asserted that Plaintiff "alleges to be 'a resident of the State of New York' and the 'owner of the subject property, 1080 Harrison Street, Uniondale, New York.'" (Not. Removal ¶ 7 (citing Compl. ¶ 2).) In the Order to Show Cause, the Court found that these allegations were insufficient to establish that Plaintiff was domiciled in New York. (Order to Show Cause at 3.) In their response to the Order to Show Cause, Defendants now assert that Plaintiff is domiciled in Georgia for three reasons: (1) "[i]n the verification section of the complaint" Plaintiff "signed the verification with a Georgia address (1887 Duluth Highway, Apt. 429, Lawrenceville, GA 30043)"; (2) Plaintiff had this verification signature "notarized in Georgia"; and (3) "[t]he complaint itself also lists this Georgia address as Mr. Orr's mailing address." (ECF No. 12 at 2.) In his Affidavit, Samuel Trakhtenbroit affirmed that, upon reviewing loan records, Real Time Resolutions Inc. "does not possess any residence, domicile, or mailing address information for Plaintiff that corresponds to a state in which any other defendant or party to this action is a citizen." (Trakhtenbroit Aff. ¶ 8.)

This evidence, at most, suggests that Plaintiff is a resident of Georgia, and that he was in Georgia when he signed the Complaint. This evidence fails to establish Plaintiff's domicile because, as the Defendants acknowledge in their response to the Order to Show Cause, "a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens." (*Id.* (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).) This evidence does not show that Georgia is "the place where [Plaintiff] has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk*, 935 F.3d at 53. Thus, Defendants have failed to establish Plaintiff's citizenship for the purpose of diversity jurisdiction and have not demonstrated that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## CONCLUSION

Defendants have failed to establish that the parties to this action are completely diverse as required for jurisdiction under 28 U.S.C. § 1332(a). This action is therefore remanded to the court from which it was removed for lack of jurisdiction under 28 U.S.C. § 1447(c). Accordingly, the Defendants' letter motions for a pre-motion conference in anticipation of filing a motion to dismiss (ECF Nos. 6, 7, 9) are dismissed as moot. The Clerk of Court is respectfully directed to mail a copy of this order to the New York State Supreme Court in Nassau County and close this case.

Dated: Central Islip, New York
      March 26, 2025

                                                      /s/ *Nusrat J. Choudhury*
                                                      NUSRAT J. CHOUDHURY
                                                      United States District Judge