UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| James S. Orr, <br><br> Plaintiff, <br><br> -v- <br><br> PHH Mortgage, PHH Mortgage Corporation, PHH Mortgage Services, Homeward Residential Inc., and Real Time Resolutions, Inc., <br><br> Defendants, | 2:25-cv-424 <br> (NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Plaintiff James S. Orr ("Plaintiff") filed this action against Defendants PHH Mortgage ("PHHM"), PHH Mortgage Corporation ("PHHMC"), PHH Mortgage Services ("PHHMS"), Homeward Residential Inc., ("HR," and together, "the PHH Defendants"), and Real Time Resolutions, Inc., ("RTR," and together, "Defendants"), before the Supreme Court of Nassau County, New York, on October 30, 2024, bringing state law causes of action for unjust enrichment, fraud, and conversion. (Verified Compl., ECF No. 1-4.) Defendants removed the case to federal court on January 24, 2025, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Not. Removal, ECF No. 1.) On March 26, 2025, I issued a Memorandum and Order ("March 26, 2025 Order") remanding the action under 28 U.S.C. § 1447(c) to the Supreme Court of Nassau County, New York for lack of subject matter jurisdiction because the Defendants failed to establish Plaintiff's citizenship and thereby failed to establish complete diversity of citizenship between the parties as required for diversity jurisdiction. (Order Remanding Case, ECF No. 14.)

1

Before me is the PHH Defendants' Motion for Reconsideration of the March 26, 2025 Order under Local Civil Rule 6.3 ("Motion"). (Mot. Recons., ECF No. 15). For the following reasons, the Motion is dismissed because the Court lacks jurisdiction over this matter, or alternatively, the Motion is denied.

## PROCEDURAL HISTORY

On March 5, 2025, I issued an Order to Show Cause requiring Defendants to show cause why this action should not be remanded for lack of subject matter jurisdiction. (Show Cause Order, ECF No. 10.) Defendants filed a response to the Order to Show Cause. (Resp. Show Cause Order ("Resp."), ECF No. 12.) In their response, Defendants provided evidence establishing that each of the five Defendants in this action are citizens of New Jersey, Delaware, or Texas. (ECF No. 12-1, 12-2, 12-3, 12-4, 13-1.)

Defendants also provided three reasons for their assertion that Plaintiff is domiciled in Georgia: (1) "[i]n the verification section of the complaint," Plaintiff "signed the verification with a Georgia address (1887 Duluth Highway, Apt. 429, Lawrenceville, GA 30043)"; (2) Plaintiff had this verification signature "notarized in Georgia"; and (3) "[t]he complaint itself also lists this Georgia address as Mr. Orr's mailing address." (Resp. at 2.) Additionally, in his affidavit, Samuel Trakhtenbroit affirmed that, upon reviewing loan records, Defendant RTR "does not possess any residence, domicile, or mailing address information for Plaintiff that corresponds to a state in which any other defendant or party to this action is a citizen." (Trakhtenbroit Aff. ¶ 8, ECF No. 13-1.)

I reviewed these documents and determined that none of them establish Plaintiff's citizenship. (Order Remanding Case at 5–6.) As noted in the March 26, 2025 Order, the documents "at most, suggest[] that Plaintiff is a resident of Georgia, and that he was in Georgia

2

when he signed the Complaint." (*Id.* at 6.) As Defendants acknowledge in their Response to the Order to Show Cause, however, the Second Circuit has instructed district courts that "a statement of residence, unlike domicile, tells the court only where the parties are living and not of which state they are citizens." (Resp. at 2 (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)).) Moreover, I found that the "evidence does not show that Georgia is 'the place where [Plaintiff] has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" (Order Remanding Case at 6 (citing *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019)).).

As reflected in an internal docket entry visible only to the Court, on March 27, 2025, a certified copy of the March 26, 2025 Order was mailed to the state court. (Court Only Docket Entry, Mar. 27, 2025.) On March 28, 2025, the PHH Defendants filed a Motion for Reconsideration of the March 26, 2025 Order remanding this action for lack of subject matter jurisdiction. (Mot. Recons.)

## LEGAL STANDARD

Local Rule 6.3 provides that a "motion for reconsideration . . . must be served within 14 days after the entry of the court's order being challenged." Local Civ. R. 6.3.[1] The standard governing such a motion is identical to that for "[a] motion to alter or amend a judgment" under Rule 59(e) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *Raymond v. 1199 SEIU Nat'l Benefit Fund*, No. 20-cv-10380, 2025 WL 588412, at *4 (S.D.N.Y. Feb. 24, 2025). As a result, even where a defendant moves for reconsideration only under Local Rule 6.3, cases considering Rule 59(e) motions to alter or amend a judgment are instructive. Courts should grant

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, brackets, and citations.

3

reconsideration "only when the movant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 142–43 (2d Cir. 2020). "The standard for granting such a motion is strict." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021). Indeed, "[t]he manifest injustice standard is, by definition, deferential to district courts and provides relief only in the proverbial rare case." *Corsair Special Situations Fund, L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014).

"Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). A party's "disagreement" with the court's "explication of the relevant legal standards and application of the standards to the facts of the case" does not justify the grant of a motion for reconsideration. *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 398 (S.D.N.Y. 2018). Thus, "[t]he manifest injustice standard is, by definition, deferential to district courts and provides relief only in the proverbial rare case." *Corsair Special Situations Fund, L.P.*, 595 F. App'x at 44.

## DISCUSSION

I begin by addressing the Court's jurisdiction to consider the PHH Defendants' Motion for Reconsideration. Except for circumstances that are not applicable here, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). "[T]he 'or otherwise' language of section 1447(d) bars district courts from reconsidering orders remanding cases on section 1447(c) grounds." *Shapiro v. Logistec USA, Inc.*, 412 F.3d 307, 312 (2d Cir. 2005). Per *Shapiro*, the point at which a district

4

court is divested of jurisdiction following the issuance of an order remanding a case is "upon [the district court's] mailing of a remand order based on section 1447(c) grounds to state court." *Id.* (emphasis omitted). Therefore, the district court retains jurisdiction of a matter until a certified copy of a remand order under section 1447(c) has been mailed to the state court. *See id.*; *see also Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 355–56, 356 n.2, (3d Cir. 2013) (holding that the district court had jurisdiction to deny a motion for reconsideration of its remand order because a certified copy of the order had not yet been mailed to the state court at the time the court considered the motion, and noting that this holding accorded with the Second Circuit's decision in *Shapiro*). But "once a section 1447(c) remand order has been mailed to the state court . . . federal jurisdiction is at an end." *Shapiro*, 412 F.3d at 312.

Here, the Court remanded this action to the Supreme Court of Nassau County, New York on March 26, 2025, and the Clerk of Court mailed that Order by certified mail to the Supreme Court of Nassau County on March 27, 2025. (Order Remanding Case; Court Only Docket Entry, Mar. 27, 2025.) The PHH Defendants did not file their Motion for Reconsideration until the following day, on March 28, 2025. (Mot. Recons.) Accordingly, the Court lost jurisdiction of this matter before the PHH Defendants filed their Motion for Reconsideration. *See Shapiro*, 412 F.3d at 312.[2] The PHH Defendants' Motion for Reconsideration is therefore dismissed for lack of jurisdiction. *See Cavaleri v. Amgen Inc.*, No. 20-cv-1762, 2021 WL 951652, at *1 (E.D.N.Y. Mar. 12, 2021) (dismissing a motion for reconsideration on the same grounds).

---

[2] Several months later, the Clerk of Court again mailed the Court's March 26, 2025 Order to the Supreme Court of Nassau County. (Court Only Docket Entry, June 6, 2026.) Nonetheless, because the Clerk of Court had already mailed the March 26, 2025 Order to the Supreme Court, the Court had already lost jurisdiction as of the first mailing.

5

However, even if the Court had jurisdiction to reconsider the Court's Order remanding this action, I would deny reconsideration.[3]

The motion makes three arguments: (1) that the Court overlooked evidence in the record that, when viewed collectively, provides strong support for Plaintiff's Georgia domicile; (2) that the Court erroneously assessed the submissions relating to Plaintiff's domicile under a clear and convincing standard rather than a preponderance of the evidence standard; and (3) that the PHH Defendants should be awarded the opportunity for jurisdictional discovery rather than remand. (Mot. Recons. at 4-6.) I reject each argument for the reasons that follow.

## I. Evidence of Plaintiff's Domicile

First, the PHH Defendants do not identify the "availability of new evidence" to warrant reconsideration of the determination that they failed to establish this Court's subject matter jurisdiction due to the failure to demonstrate Plaintiff's domicile. *Metzler*, 970 F.3d at 142. Instead, the PHH Defendants rely on evidence that the March 26, 2025 Order found insufficient to argue that they established Plaintiff's Georgia citizenship. That evidence is as follows:

1. The fact that Plaintiff was physically present in Georgia at the time the Verified Complaint was signed and notarized by Plaintiff.

2. The fact that the Verified Complaint lists Plaintiff's mailing address as 1887 Duluth Highway, Apt. 429, Lawrenceville, GA 30043, which is a residential apartment address.

3. The fact that the underlying dispute involves the sale of Plaintiff's property in New York in September 2024 and thereby indicates that Plaintiff was severing ties with New York and demonstrating an intent not to return to the state.

---

[3] The Motion for Reconsideration is timely under Local Civil Rule 6.3 because the PHH Defendants filed it on March 28, 2025—two days after the issuance of the March 26, 2025 Order remanding this action. (Mot. Recons.) *See* Local Civ. R. 6.3 (requiring motion for reconsideration to be filed within 14 days after the "Court's determination").

6

(Mot. Recons. at 4-6.) The PHH Defendants noted the first two facts in their Response to the Order to Show Cause. I discussed both of these facts in the March 26, 2025 Order and found them insufficient to establish Plaintiff's domicile. (Order Remanding Case at 5.) However, the PHH Defendants' Response to the Order to Show Cause did *not* argue that Plaintiff's sale of a property in New York was a fact relevant to a determination of Plaintiff's domicile. (*See* Response.) Moreover, the fact that the underlying dispute involves the sale of Plaintiff's New York property is not "new evidence" for purposes of a Local Rule 6.3 motion, because it was readily available to the PHH Defendants prior to the filing of the Response to the Order to Show Cause. *See Metzler*, 970 F.3d at 142; Response. Nonetheless, the March 26, 2025 Order acknowledged that, in the Notice of Removal, Defendants alleged that Plaintiff was a resident of New York. (Order Remanding Case at 5.)

Notwithstanding the fact that the March 26, 2025 Order addressed the sufficiency of the evidence, Defendants have failed to show that my application of the law to these facts constitutes "clear error." *See Metzler*, 970 F.3d at 142. For the purposes of diversity jurisdiction, "[a]n individual's citizenship . . . is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk*, 935 F.3d at 53. It is well-established that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Van Buskirk*, 935 F.3d at 53; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-899-cv, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024). In order to determine an individual's domicile, courts consider factors including:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of

7

> the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.").

As I found in the March 26, 2025 Order, the notarization of Plaintiff's signature and the provision of a Georgia address for Plaintiff in the Verified Complaint "at most, suggests that Plaintiff is a resident of Georgia, and that he was in Georgia when he signed the Complaint." (Order Remanding Case at 6.) The fact that the underlying dispute involves the sale of Plaintiff's property in New York does not alter that finding. While an individual's disposition of property in one state may support the conclusion that the state is no longer the individual's domicile, it does *not* lead to the conclusion that *another state* where the individual maintains a residence is now the person's true domicile. Here, Plaintiff may well hold residence in multiple states or have sold properties in multiple states. As a result, although evidence that Plaintiff sold his New York property may support the determination that Plaintiff is not domiciled in New York, it does not say anything about whether Georgia is "the place where [Plaintiff] has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Van Buskirk*, 935 F.3d at 53.

Finally, the PHH Defendants' argument that this evidence "viewed collectively" provides stronger support for Plaintiff's domicile "than when considered individually" is similarly unpersuasive. (Mot. Recons. at 2.) Because all of the evidence to which the PHH Defendants point relates to Plaintiff's residence in Georgia and sale of a residence in New York, none of it does more than allege Plaintiff's "residence alone." *Buskirk*, 935 F.3d at 53; Verified Compl. ¶ 1.

8

Thus, the PHH Defendants have not established Plaintiff's domicile and their first argument reflects only a "disagreement" with my "application of the standards to the facts of the case" and therefore does not justify a grant of a motion for reconsideration. *McGraw-Hill*, 293 F. Supp. 3d at 398.

## II. Evidentiary Standard

The PHH Defendants' second argument for reconsideration—that the Court erroneously applied the clear and convincing evidence standard to the question of Plaintiff's domicile—also fails because there is no application of the "clear and convincing" standard anywhere in the March 26, 2025 Order. (Mot. Recons. at 5; *see* Order Remanding Case.)[4] "As a general matter, Plaintiff must prove complete diversity by a preponderance of the evidence." *Van Buskirk*, 935 F.3d at 56 n.3. In both the March 5, 2025 Order to Show Cause and the March 26, 2025 Order Remanding Case, I set out the rule that "residence alone is insufficient to establish domicile for jurisdictional purposes." (Order Remanding Case at 4 (quoting *Van Buskirk*, 935 F.3d at 53); Show Cause Order at 2.). I then found that the PHH Defendants had failed to present *any* evidence that Georgia is Plaintiff's domicile, beyond the evidence discussed above of Plaintiff's residency in Georgia. (*Id.*) Thus, the PHH Defendants have not shown by a preponderance of the evidence that Plaintiff is domiciled in Georgia.

---

[4] The PHH Defendants explain that "[a] party alleging that there has been a change of domicile has the burden of proving the . . . [relevant] facts 'by clear and convincing evidence,'" but then simply assume the Court applied such a standard in the March 26, 2025 Order. (Mot. Recons. at 3 (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).) The PHH Defendants argue that the "record does not establish that [Plaintiff] was originally domiciled in New York" because the "mere fact that he once owned property in New York" does not establish that New York was ever his domicile. (Mot. Recons. at 3.) That is exactly what I found in the March 26, 2025 Order, and the PHH Defendants' admission that this evidence is insufficient to establish a domicile in New York demonstrates the very reason the PHH Defendants have not shown that Plaintiff's domicile is in Georgia. (*See* Order Remanding Case at 5.)

9

### III. Jurisdictional Discovery

Finally, the PHH Defendants' third argument is not one for reconsideration of the Order, but rather, a first request for an opportunity to conduct jurisdictional discovery. (*See* Mot. Recons. at 4–5.) Like the PHH Defendants' Motion for Reconsideration, this request is dismissed because the Court no longer has jurisdiction over this matter and therefore cannot order jurisdictional discovery. *See Shapiro*, 412 F.3d at 312. However, even were that not the case, I would deny the PHH Defendants request for the following reasons.

The PHH Defendants rely on the Second Circuit's decision in *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56 (2d Cir. 2009). In that case, the Second Circuit considered an appeal from the lower court's denial of the plaintiff's motion to confirm an arbitration award. *Id.* at 60. On appeal, the Second Circuit "asked [at oral argument] whether there was evidence in the record to show that diversity jurisdiction existed" because the complaint lacked an "adequate allegation of diversity." *Id.* at 61. In that situation, the Second Circuit granted a motion by plaintiff to amend the complaint, reasoning that "where the facts necessary to the establishment of diversity jurisdiction are subsequently determined to have [been] obtained all along, a federal court may . . . allow a complaint to be amended to assert those necessary facts." 565 F.3d 56, 64 (2d Cir. 2009); *see* Mot. Recons. at 5. *Durant* is irrelevant to the question here because it did not involve a request for jurisdictional discovery nor did it consider whether such discovery should be permitted on a motion for reconsideration.

The PHH Defendants' basis for seeking jurisdictional discovery more closely tracks the argument made by the plaintiffs in *Van Buskirk*, 935 F.3d at 53. There, as here, the party asserting jurisdiction filed a motion for reconsideration arguing that the district court "did not attribute enough weight to the evidence submitted in response to the district court's order to

10

show cause or the civil cover sheet they submitted when they filed their initial complaint." *Id*. at 54. As part of their motion, the plaintiffs "included a request for the court to consider new evidence that was clearly available to Plaintiffs at the time of the order to show cause." *Id*. at 55. The Second Circuit affirmed the district court's denial of such a "late request to add evidence . . . as part of a motion for reconsideration." *Id*. Here, the request for jurisdictional discovery is similarly belated. The March 5, 2025 Order to Show Cause provided the PHH Defendants an opportunity to supplement the record in order to establish diversity of citizenship. (*See* Show Cause Order.) In that Order, I identified the various factors that this Court considers in determining a person's domicile, none of which—other than Plaintiff's residence—are addressed in the PHH Defendants' Response to the Order Show Cause. (Show Cause Order at 3; *see* Response.) Significantly, the PHH Defendants failed to include any request for jurisdictional discovery in the Response to the Order to Show Cause and instead raise this issue for the first time in the Motion for Reconsideration. (*See* Response.) The PHH Defendants also fail to cite a rule of civil procedure that permits a court to allow for jurisdictional discovery on a motion for reconsideration even where the Court retains jurisdiction over the action, which is not the case here.

Finally, even had the PHH Defendants timely requested jurisdictional discovery, it is not warranted in this case. "District courts enjoy broad discretion in deciding whether and to what extent to permit jurisdictional discovery." *Parker v. Bursor*, No. 24-cv-0245, 2024 WL 4850815, at *3 (S.D.N.Y. Nov. 21, 2024); *see also APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003) ("A district court retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction."). However, "[s]uch discretion has to be carefully exercised" and "introducing a mini-litigation on the threshold issue of diversity of citizenship should be

11

avoided if possible" because litigation "can be complex enough" without litigation "just to get to square one . . . the existence of diversity." *Northfield Ins. Co. v. GM Star Constr., Inc.*, 532 F. Supp. 3d 73, 74 (E.D.N.Y. 2021). Moreover, I am mindful that "broad allowance of jurisdictional discovery would encourage speculative assertions of jurisdiction." *Id.* For this reason, I agree with other courts in this Circuit that have held that a "plaintiff's conclusory non-fact-specific jurisdictional allegations are not sufficient to justify jurisdictional discovery." *Parker*, 2024 WL 4850815, at *3.

Here, the PHH Defendants have not offered any "fact-specific jurisdictional allegations" other than Plaintiff's residence and presence in Georgia at the time the Verified Complaint was signed. *Parker*, 2024 WL 4850815, at *3. The PHH Defendants also fail to show that they searched for evidence of Plaintiff's domicile in publicly available databases.[5] Accordingly, the PHH Defendants have failed to demonstrate that jurisdictional discovery is warranted here.

## CONCLUSION

For the reasons set forth above, the PHH Defendants' Motion for Reconsideration (ECF No. 35) is dismissed for lack of jurisdiction, or in the alternative, denied because the PHH

---

[5] I note for example that this Court has considered the results from searches on the Accurint database when evaluating the domicile of a party. *See, e.g.*, *HSBC Bank USA v. DiVito*, No. 2:25-cv-1100, 2025 WL 895397, at *2 (E.D.N.Y. Mar. 24, 2025).

Defendants have not identified any intervening change in controlling law, new evidence, or the need to correct clear error or prevent a manifest injustice that would warrant reconsideration under Local Rule 6.3.

Dated: Central Islip, New York
       August 13, 2025

                                                    */s/ Nusrat J. Choudhury*
                                                NUSRAT J. CHOUDHURY
                                                United States District Judge